UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 0 4 2018

Yi Feng Leather International LTD,

　　　　Plaintiff,

　　—v—

Tribeca Design Showroom, LLC, *et al.*,

　　　　Defendants.

17-CV-5195 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

　　Before the Court is Plaintiff's motion for the entry of default judgment. For the following reasons, the Court declines to grant the motion, but will accept further briefing on the question of complete diversity.

　　Plaintiff Yi Feng Leather International Ltd. filed its initial Complaint against Defendant Tribeca Design Showroom, LLC ("Tribeca Design") on July 10, 2017 and amended its complaint on October 12, 2017, adding Defendants Peter and Joy Gryson, owners or operators of Tribeca Design Showroom LLC, and adding a cause of action for corporate fraud against the individual defendants. Dkt. No. 1; Dkt. No. 11, First Amended Complaint ("FAC"). After Defendants failed to respond to either complaint or this Court's last-chance order, *see* Dkt. No. 22, Plaintiff obtained Clerk's Certificates of Default, Dkt. Nos. 29–31, and filed for default judgment, Dkt. Nos. 33–34. That motion and its supporting paperwork were served on Defendants in accordance with Rule 3.L of the Court's Individual Practices in Civil Cases. *See* Dkt. No. 33-6. After the Court requested additional briefing, *see* Dkt. No. 42, Plaintiff filed a second motion for default judgment, Dkt. No. 43, and filed proof of its service of the motion and

its supporting paperwork on the Defendants, Dkt. No. 44. That motion is now before the Court.

"Prior to entering a default judgment, the Court must ascertain that subject matter jurisdiction exists over plaintiff's claims." *Centra Developers Ltd. v. The Jewish Press Inc.*, No. 16-CV-6737 (WFK)(LB), 2018 WL 1788148, at *5 (S.D.N.Y. Feb. 20, 2018). "The burden of proving jurisdiction is on the party asserting it." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).

This action is premised on diversity jurisdiction. FAC ¶ 6. A case falls within the federal courts' original diversity jurisdiction only if diversity of citizenship among the parties is complete. *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998). A natural person's citizenship is determined by his or her domicile, which has "two components: (1) physical presence in a state and (2) the intent to make the state a home." *LoCurto v. LoCurto*, No. 07-CV-8238 (NRB), 2008 WL 4410091, at *3 (S.D.N.Y. Sept. 25, 2008). "[A] statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996). A corporation, meanwhile, "is deemed to be a citizen both of the state in which it has been incorporated and the state in which it has a principal place of business." *Advani Enters., Inc. v. Underwriters at Lloyds et al.*, 140 F.3d 157, 161 (2d Cir. 1998). And "a limited liability corporation has the citizenship of each of its members." *Berkshire II Real Estate Holdings, LLC v. Centro Hispano Daniel Torres, Inc.*, No. 12-CV-3936 (JGK), 2012 WL 2152827, at *1 (S.D.N.Y. June 13, 2012).

To identify the citizenship of the parties in this action, Plaintiff alleges that Plaintiff is incorporated in and has its principal place of business in Hong Kong and that Defendant Tribeca Design is an LLC formed under the laws of and with its principal place of business located in the

State of New York. FAC ¶¶ 1–2. With respect to the individual Defendants, Plaintiff alleges that they are each "an individual with a last known address" in the City of New York. FAC ¶¶ 3–4. Because Plaintiff is a corporation, these allegations suffice to establish that it is a citizen of Hong Kong. But Plaintiff's jurisdictional allegations nonetheless fall short as to the Defendants: (1) it fails to allege the citizenship of any of the members of the Tribeca Design LLC and (2) it fails to allege the citizenship of either of the individual Defendants.

Diversity actions containing alien parties like Plaintiff require alienage diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(2). "Diversity is lacking within the meaning of [this section] where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paula del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). Accordingly, this Court cannot exercise alienage diversity jurisdiction in this action unless it is satisfied that none of the Defendants are citizens of foreign states. Neither the allegations in Plaintiffs' amended complaint, nor any other materials in this action, permit the Court to reach this conclusion.

Because district courts have "authority to consider questions of jurisdiction on the basis of affidavits as well as the pleadings," the Court will permit Plaintiff **14 days** from the date of this order to submit a memorandum and any appropriate affidavits that more specifically demonstrate by a preponderance of the evidence that alienage diversity jurisdiction exists in this action. *Exchange Nat. Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1130 (2d Cir. 1976) (quoting *Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947)); *see also Nationstar Mortg. LLC v. Pignataro*, No. 15-CV-1041 (LEK/DJS), 2016 WL 3647876, at *2 (N.D.N.Y. July 1, 2016) (providing a similar remedy). If Plaintiff fails or elects not to file a memorandum, this action will be dismissed for lack of subject matter jurisdiction.

Additionally, to the extent Plaintiff seeks default judgment on its corporate fraud claim, Plaintiff's memorandum shall "identify *legal authority* . . . supporting entry of judgment on the basis of" that claim, Dkt. No. 42 (emphasis added), addressing whether Plaintiff has established a prima facie case for recovery. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (quotation and alterations omitted).

Plaintiff shall serve this order and any responsive filings on the Defendants in this action, and file proof of their service on the public docket.

SO ORDERED.

Dated: December 3, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge

4