UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 3 0 2019

Yi Feng Leather International LTD,

Plaintiff,

—v—

Tribeca Design Showroom, LLC,

Defendant.

17 Civ. 05195 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

On November 21, 2018 Plaintiff Yi Feng Leather International Limited filed a motion for

default judgment as to all Defendants in this matter. Dkt. No. 45. For the following reasons, the

motion is GRANTED as to Defendant Tribeca Design Showroom, LLC ("Tribeca") and

DENIED as moot as to Defendants Peter and Joy Gryson.

I.      BACKGROUND

This action arises out of a commercial dispute. Plaintiff alleges that Tribeca never paid

Plaintiff for over $400,000 worth of goods that Tribeca purchased and received in 2014 and

2015. Amended Complaint ("Compl."), Dkt. No. 11 ¶¶ 9-15. Plaintiff then sued Tribeca in

Hong Kong. Tribeca appeared but failed to mount a defense in that action, despite asking for

multiple extensions to respond to the Hong Kong complaint. Id. ¶¶ 17-23. As a result, judgment

was entered in favor of Plaintiff for $404,207.99 or the Hong Kong equivalent plus interest at a

rate of 8% per annum. Id. ¶¶ 24-27; Exh. 11-7.

Plaintiff, a Hong Kong Corporation, filed this lawsuit against Tribeca, Complaint, Dkt.

No. 1, and then amended its complaint to add two individual defendants, Peter Gryson and Joy

Gryson. Dkt. No. 11. Plaintiff seeks to enforce the Hong Kong judgment against Tribeca and

sued the individual defendants for corporate fraud. *Id.* ¶¶ 28-41. All defendants failed to appear

and the Clerk entered Certificates of Default. Dkt. Nos. 29-31. On November 21, 2018, Plaintiff

filed this motion for default judgment against all three defendants. Subsequently, the individual

defendants did appear and succeeded in vacating the defaults against them. Dkt. No. 64. Plaintiff

and the individual defendants stipulated to a voluntary dismissal with prejudice, leaving Tribeca

as the only remaining defendant. Dkt. No. 79.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the

entry of judgment against a party who fails to defend: the entry of a default, and the entry of a

default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a

default, simply "formalizes a judicial recognition that a defendant has, through its failure to

defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop,*

*LLC*, 645 F.3d 114, 128 (2d Cir. 2011); Fed. R. Civ. P. 55(a). The second step, entry of a default

judgment, "converts the defendant's admission of liability into a final judgment that terminates

the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the

extent permitted" by the pleadings. *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ.

P. 54(c).

Whether entry of default judgment at the second step is appropriate depends upon

whether the allegations against the defaulting party are well-pleaded. *See Mickalis Pawn Shop*,

645 F.3d at 137. Once a party is in default, "a district court must accept as true all of the factual

allegations of the non-defaulting party and draw all reasonable inferences in its favor." *Belizaire*

*v. RAV Investigative and Sec. Servs., Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014). But

because a party in default does not admit conclusions of law, a district court must determine

whether the plaintiff's allegations are sufficient to establish the defendant's liability as a matter

of law. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). The legal sufficiency of these

claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

### A. Default Judgment Against Tribeca

Default judgment is warranted against Tribeca. Under New York law, a foreign

judgment that is "final, conclusive and enforceable where rendered" is "conclusive between the

parties to the extent that it grants or denies recovery of a sum of money." N.Y. C.P.L.R.

§§ 5302, 5303; *see S.A.R.L. Louis Feraud Int'l v. Viewfinder, Inc.*, 489 F.3d 474, 477 (2d Cir.

2007). A plaintiff seeking to enforce such a judgment must further make a prima facie showing

that the judgment was not "rendered under a system which does not provide impartial tribunals

or procedures compatible with the requirements of due process of law" and that "the foreign

court . . . [had] personal jurisdiction over the defendant." N.Y. C.P.L.R. § 5304(a); *see Wimmer

Can. v. Abele Tractor & Equip. Co.*, 750 N.Y.S.2d 331, 332 (N.Y. App. Div. 2002).

Plaintiff has sufficiently pled its foreign judgment claim. The complaint clearly alleges a

final and conclusive judgment for a sum of money that is enforceable in Hong Kong. *See*

Compl. ¶ 24. Additionally, Plaintiff attached a copy of the judgment to its complaint. *Id.* Exh.

11-7. As to the adequacy of the Hong Kong courts, Plaintiff's complaint is somewhat

conclusory. *See id.* ¶ 27. But a treatise on the rule of law abroad cannot be expected at this stage

of the litigation. Moreover, New York courts have previously enforced Hong Kong judgments,

treating the sufficiency of the Hong Kong legal system as a settled matter. *See Bond v*

*Lichtenstein*, 11 N.Y.S.3d 63 (N.Y. App. Div. 2015); *Downs v. Yuen*, 748 N.Y.S.2d 131 (N.Y. App. Div. 2002); *Watary Servs. v. Law Kin Wah*, 668 N.Y.S.2d 458 (N.Y. App. Div. 1998). Finally, by alleging that defendant appeared in the Hong Kong action and failed to dispute jurisdiction, Plaintiff has properly pled that there was personal jurisdiction. *See* Compl. ¶¶ 19-22, 25; *see also* N.Y. C.P.L.R. § 5305(a)(2) ("The foreign country judgment shall not be refused recognition for lack of personal jurisdiction if . . . the defendant voluntarily appeared in the proceedings, other than for the purpose of protecting property seized . . . or of contesting the jurisdiction of the court over him").

The Court therefore grants Plaintiff's motion for default judgment against Tribeca.

### B. Default Judgment Against the Grysons

Because the claims against the Grysons were voluntarily dismissed, Dkt. No. 79, the Court denies as moot the motion for default judgment against them.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion for default judgment against Tribeca. Plaintiff is awarded $404,207.99 or the Hong Kong equivalent in damages plus interest at a rate of 8% per annum. The Court DENIES as moot Plaintiff's motion for default judgment against the Grysons. The Clerk of Court is directed to enter judgment in this matter and close the case.

SO ORDERED.

Dated: September ___, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge

4